IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH RODRIGUEZ<br>3457 Englewood St.<br>Philadelphia, PA 19149<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON PENNSYLVANIA, LLC<br>900 Race St.<br>Philadelphia, Pa 19107<br>    and<br>VERIZON SERVICES CORPORATION<br>900 Race St.<br>Philadelphia, Pa 19107<br><br>    Defendants | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.    INTRODUCTION

1.    This action has been initiated by Ruth Rodriguez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Verizon Pennsylvania, LLC and Verizon Services Corporation (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of

## II.     JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's future state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein under the Title VII and the ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

same because of the date of issuance of her federal right-to-sue letter under the ADA and Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA and Title VII.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Verizon Pennsylvania, LLC is a company with a location at the above-captioned address that provides wireline telecommunications services, exchange telecommunications services, and toll services to customers.

9. Defendant Verizon Services Corporation is a corporation with a location at the above-caption address that provides financial, real estate, and other functional services to all Verizon business groups and corporate departments.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired to work for Defendants in or about July of 1991 as a bilingual (Spanish-speaking) maintenance administrator – English and Spanish Repair.

14. Since her hire date through her separation with Defendants (discussed further *infra*), Plaintiff's aforesaid job title never changed.

15. Plaintiff was employed with Defendants in excess of 25 years.

16. Throughout the course of Plaintiff's employment with Defendants, she was a dedicated and hard-working employee who lacked a disciplinary history until she began being supervised by one, Mike Christie (Director - Caucasian).

17. Christie became Plaintiff's supervisor in or about 2016.

18. While under the supervision of Christie, Plaintiff was treated in a discriminatory and disparate manner because of her health and need for FMLA leave and because of her race/national origin (discussed further *infra*).

19. In or about January of 2017, Plaintiff requested and was granted an approximate 1-month medical leave under the FMLA in order to undergo gall bladder surgery.

20. Upon information and belief, Christie was brought to Plaintiff's department in order to resolve "attendance" concerns within said department.

21. As such, Christie made numerous discriminatory comments towards Plaintiff regarding her aforesaid use of FMLA leave, which was causing him to show "sick time" in his department (and thus, apparently reflecting negatively upon him).

22. In addition to being subjected to a number of discriminatory comments related to her aforementioned use of FMLA, Christie also made derogatory remarks in reference to Plaintiff's race/national origin.

23. For example, Christie repeatedly refer to Plaintiff as "Chiquita Banana" and "Mexican Jumping Bean" in addition to making other racist/national origin-based comments (rarely referring to her by her actual name).

4

24. Plaintiff expressed concerns, complained and notified Respondent's workplace hotline about Christie's aforesaid discriminatory conduct.

25. Shortly after expressing concerns regarding Christie's discriminatory conduct, Plaintiff was terminated from her employment with Defendants in or about late-February of 2017 for completely false and pretextual reasons.

26. Following her late-February of 2017 termination, Plaintiff filed an EEOC charge, which was thereafter resolved and Plaintiff was returned to work on or about June 5, 2017.

27. Upon (and even before) her return to work on June 5, 2017, Plaintiff attempted multiple times to transfer to a different department and/or a different job within Defendants so that she could avoid Christie and his retaliatory/discriminatory conduct.

28. However, despite her attempt to transfer to a different department and/or a different job, Defendants refused to hire Plaintiff into another position or transfer her to another department.

29. Specifically, Plaintiff applied for approximately four (4) different positions between June and July of 2017, all of which she was qualified for; however, Defendants refused to hire her into any of the said positions for no logical or legitimate reason.

30. Instead, Plaintiff was kept under the supervision of Christie wherein she was subjected to further discrimination and retaliation based on her race/national origin, prior complaints of discrimination (internally and to the EEOC), and prior requests for medical time off.

31. For example, Respondent's management, including but not limited to Christie would subject Plaintiff to pretextual discipline, treat her in a rude and demeaning manner, yell at her, and attempt to find reasons to discipline and terminate her.

32. By way of specific example, on or about July 6, 2017, Plaintiff's manager (Ariel Negron) approached Plaintiff and told her that she was under investigation with anticipation of termination for allegedly being rude and hanging up on a customer – which is completely false and pretextual. Plaintiff was also told that she had to cooperate or she would face immediate termination.

33. Plaintiff's aforesaid July 6, 2017 investigatory meeting with Defendants' management had to be continued due to technical issues with trying to play a tape recording from June 28, 2017 and due to the fact that Plaintiff was feeling ill.

34. On or about July 7, 2017, Plaintiff was informed by Christie that she was being suspended indefinitely pending investigation.

35. On or about July 10, 2017, Plaintiff filed a second Charge of Discrimination with the EEOC regarding her indefinite suspension pending investigation, claiming that such adverse action was taken against her in retaliation for her prior complaints of discrimination.

36. Plaintiff's investigatory meeting was rescheduled for July 11, 2017 and this time, Christie was present.

37. During her July 11, 2017 investigatory meeting, Christie screamed and yelled at Plaintiff, badgered her with repetitive questions, threatened her with termination, manipulated the evidence, and over-all create a very hostile environment.

38. Plaintiff remained out of work until on or about July 24, 2017 on an unpaid suspension, when she was reinstated to her position with Defendant on a "final warning" with no back pay (after a union filing).

39. Upon being reinstated, Plaintiff complained to Defendants' ethic's hotline regarding the retaliatory conduct she was being subjected to based on her prior complaints of discrimination and retaliation.

40. Plaintiff also continued to seek a transfer out of Christie's department as a result of his consistent discriminatory and retaliatory behavior; however, her efforts were ignored.

41. In or about August of 2017, Plaintiff's legal counsel sent Defendants a letter attempting to resolve Plaintiff's aforesaid second EEOC charge and again requesting a transfer out of Christie's department.

42. Defendants again refused to transfer Plaintiff and claimed it had legitimate reasons for suspending Plaintiff.

43. Plaintiff continued to be subjected to the aforesaid retaliatory and discriminatory behavior up and through December 26, 2017 when Plaintiff was terminated yet again for completely false and pretextual reasons.

44. When terminating Plaintiff, Defendant also made reference to Plaintiff's prior discriminatory and retaliatory termination in February of 2017 (which was categorized as suspension and "final warning" by Defendant).

45. Plaintiff was subjected to constant harassment, issued pretextual discipline, placed on an unpaid suspension, not hired for other positions, refused transfers, and ultimately terminated because of her race/national origin, prior complaints of discrimination, and/or prior requests and utilization of reasonable medical accommodations (including FMLA leave).

## Count I[2]
## Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Racial/National Origin Discrimination; [2] Retaliation; & [3] Hostile Work Environment)
-Against Both Defendants-

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff was also subjected to a hostile work environment during her period of employment due to her race/national origin and/or complaints of racial/national origin discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

48. Plaintiff was also issued pretextual discipline, placed on an unpaid suspension, not hired for other positions, refused transfers, and ultimately terminated because of her race/national origin and/or her complaints of race/national origin discrimination.

49. These actions as aforesaid constitute violations of Title VII.

## Count II
## Violation of 42 U.S.C. Section 1981
(Racial Discrimination & Retaliation & Hostile Work Environment)
- Against Both Defendants -

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was subjected to a hostile work environment during her period of employment due to her race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

---

[2] For Counts I – V, Plaintiff only seeks claims for the hostile work environment and adverse actions she was subjected to following her June 5, 2017 reinstatement.

8

52. Plaintiff was also issued pretextual discipline, placed on an unpaid suspension, not hired for other positions, refused transfers, and ultimately terminated because of her race and/or her complaints of race discrimination.

53. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

### Count III
### Violations of the Americans with Disabilities Act, as amended ("ADA")
### (Retaliation)
### -Against Both Defendants-

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff was subjected to a hostile work environment during her period of employment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her because of her prior complaints of disability discrimination and retaliation and/or her prior requests for reasonable accommodations.

56. Plaintiff was also issued pretextual discipline, placed on an unpaid suspension, not hired for other positions, refused transfers, and ultimately terminated because her prior complaints of disability discrimination and retaliation and/or her prior requests for reasonable accommodations.

57. These actions as aforesaid constitute violations of the ADA, as amended.

### Count IV
### Violations of the Family and Medical Leave Act ("FMLA")
### (Retaliation)
### -Against Both Defendants-

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff was subjected to a hostile work environment, issued pretextual discipline, placed on an unpaid suspension, not hired for other positions, refused transfers, and ultimately terminated because her prior requests for/us of FMLA and/or because of her previous complaints of retaliation under the FMLA.

60. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

          Respectfully submitted,

          **KARPF, KARPF, & CERUTTI, P.C.**

By: _____
          Ari R. Karpf, Esq.
          3331 Street Road
          Two Greenwood Square, Suite 128
          Bensalem, PA 19020

Date: March 22, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ruth Rodriguez : CIVIL ACTION

v. :

Verizon Pennsylvania, LLC, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 3/22/2018 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3457 Englewood Street, Philadelphia, PA 19149

Address of Defendant: 900 Race Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/22/2018      _____      ARK2484
             Attorney-at-Law              Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/22/2018      _____      ARK2484
             Attorney-at-Law              Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RODRIGUEZ, RUTH

**DEFENDANTS**
VERIZON PENNSYLVANIA, LLC, ET AL.

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); 42USC1981; ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of Title VII, 42USC1981, ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/22/2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

[ Print ]   [ Save As... ]   [ Reset ]